The next case on the calendar is United States v. Johnson. Good morning, Your Honors. Matt Larson of the Federal Defenders for Mr. Johnson. Your Honors, much of this case will be determined by one that has already been submitted to the Court. Last month in April, in U.S. v. Dupree, that's 17-1846, a panel of this Court considered the same question here, namely whether attempted New York robbery aided by another fits the force clause of the guideline and or is generic robbery as enumerated in the guideline. And in fact, I just listened to the argument yesterday. The panel referred to yet another case that had been previously submitted on the briefs that may also control this case. So for the purposes of today's argument, I'm only going to talk about the third issue in this case, which is which version of the guideline applies here. And as set out in our briefs, it's our position that the deletion of the guideline's residual clause was a clarifying amendment that does apply on direct appeal and therefore the residual clause is not available in this case. Now when deciding whether an amendment is clarifying or substantive, this Court has set out, this Court has said there is no bright line rule one way or the other, but the Court says we look to three important factors, and again, this is all in our briefs. The first two factors, I think, go hand in hand. It's the language of the amendment and the purpose and effect. Here what the Commission did was delete language in order to resolve ambiguity. The Commission made abundantly clear in its reason for amendment that it was deleting the residual clause to, quote, alleviate considerable application difficulties associated with the clause as expressed by judges, probation officers, and litigants. The Court said, I'm sorry, the Commission said, we've received extensive comment and we're aware of numerous court opinions expressing the view that our definition of crime of violence is complex and unclear. And so we're going to strike the residual clause because also the general rule is you apply the guidelines in effect at the time of sentencing. That's the general rule, but this Court has said that if there is an amendment made to the guideline at issue pending a direct appeal, if that amendment is a clarification of the guideline, then that is applied on the direct appeal. And so we've set out our reasons why the Commission has also made very clear that its decision to strike the residual clause was a decision made to resolve ambiguity. There was complexity, there was confusion, there was widespread discord across the country as to what the residual clause meant and how to apply it. And they said to resolve this ambiguity, we're going to strike this unclear clause. Is that a clarification or is that simply a deletion? It was a deletion, but the deletion itself, Your Honor, can be a clarification. And I talk about this in my brief. Originally, the guideline used a different definition of crime of violence and it used the Title 18, Section 16's definition. Along the road, in Amendment 268, the Commission decided to strike that clause. They deleted the clause and they wrote a new one, the one at issue here. The Commission said this is a clarifying change. This Court in Brown said it is a clarifying change. And the Court said it's a clarification, notwithstanding the fact that language was deleted. Here, in deleting the clause, Your Honors, the Court did not delete enumerated offenses as it did with burglary. And I talk about that in my brief as well. By deleting the residual clause, all the Commission did was delete confusing verbiage that had stymied courts and litigants across the country. It did so in order to clarify the scope of the crime of violence enhancement. And if we look, we see there is consistency. The old guideline has the force clause. The new guideline has the force clause. The old guideline enumerates robbery, albeit in the commentary. The new guideline enumerates robbery. Now, we've argued in our briefs why the robbery offense here is not the generic robbery. But as I suspect, as I pretty much know, this Court is going to decide that issue in Dupree or the case that they referred to that had been submitted in March. But here— The argument you're making today was made before the Dupree Court was the residual clause at issue. Dupree, no. It was a post-amendment case. Likewise, in Jones and Smith, though those were also pre-amendment cases, the argument that Mr. Johnson has made here was not made in Jones or Smith. So this is a novel argument that we're making here. But we've cited the case law explaining why this is a clarification of the scope of the crime of violence guideline—rather, the career offender guideline. This whole issue could be academic too, right, depending on what— It could be, Your Honor. It could be. If we lose the first two issues in these other cases, this will be academic. But if we win, the Court will have to decide which version applies. And we've set out in our briefs why the current guideline applies. And under the current guideline, there is no residual clause. Again, I could go on. The points I want to make here are the points that are in our brief. I think it's been made abundantly clear by the Commission that this was a clarification. This Court has said many times the Commission's view of its purpose in revising a guideline is entitled to considerable deference. We've cited a case from the Eastern District of Tennessee, Girding, where the judge sets out in a very cogent manner why this particular change is a clarification rather than a substantive amendment and why it does apply on direct appeal. So subject to the Court's questions and my opponent's comments, I'll reserve the balance of my time. JANE KIM, ASSISTANT U.S. ATTORNEY, SOUTHERN DISTRICT OF NEW YORK May it please the Court, my name is Jane Kim. I'm an Assistant U.S. Attorney in the Southern District of New York, and I represent the United States on appeal. The judgment of conviction should be affirmed in this case because the defendant's two prior convictions for attempted robbery qualify as crimes of violence under the applicable guidelines. First, as an enumerated offense in accordance with Smith and Jones. Second, under the rigid— Several cases ahead of us? JANE KIM, ASSISTANT U.S. ATTORNEY, SOUTHERN DISTRICT OF NEW YORK Yes, Your Honor, that's correct. So we're not going to be able to do anything until we hear from them, and once we hear from the panels with precedent, the way we operate, we're bound by them. JANE KIM, ASSISTANT U.S. ATTORNEY, SOUTHERN DISTRICT OF NEW YORK Yes, Your Honor. So what I would say in response to that is that in Jones and in Smith, the Court has considered whether or not robbery in the first degree and robbery in the second degree qualify as a crime of violence because robbery is enumerated under the guidelines. And in those cases, this Court has held that robbery does constitute a crime of violence because it's enumerated in the commentary.   JANE KIM, ASSISTANT U.S. ATTORNEY, SOUTHERN DISTRICT OF NEW YORK So those cases squarely apply here, and here— You may be right, but the whole point, I want to be sure I'm clear on this, that we're waiting on our brothers and sisters to answer this question for us. JANE KIM, ASSISTANT U.S. ATTORNEY, SOUTHERN DISTRICT OF NEW YORK That's true with respect to the force clause, Your Honor, but with respect to the enumerated clause and also the residual clause, those issues have been addressed by this Court in Jones and in Smith. And so in response to Mr. Larson's points about the residual clause and whether or not the deletion of the residual clause is substantive or if it's a clarification, this Court in Jones has addressed that issue. And so this Court, in determining that the residual clause does actually apply, and in noting in footnote 1 of that opinion that the Commission did not take a position on the constitutionality of the residual clause in deleting it, applied the residual clause, even though it wasn't something that was addressed below by the District Court. But in addition, the amendment to the— JANE KIM, ASSISTANT U.S. ATTORNEY, SOUTHERN DISTRICT OF NEW YORK  JANE KIM, ASSISTANT U.S. ATTORNEY, SOUTHERN DISTRICT OF NEW YORK   It did. JANE KIM, ASSISTANT U.S. ATTORNEY, SOUTHERN DISTRICT OF NEW YORK First and foremost, it's the deletion of an entire—of the entire clause. And so if this had been a clarifying amendment, it would have actually clarified the content of that, of the residual clause, either through commentary, definitions, explanations. CHIEF JUSTICE ROBERTS, JR. What is the difference between a substantive amendment and a clarifying amendment?  JANE KIM, ASSISTANT U.S. ATTORNEY, SOUTHERN DISTRICT OF NEW YORK Yes. So this question was addressed or has been addressed by the 11th Circuit recently, in Neely, in 2017. And in that case, the Circuit discussed the hallmarks of a substantive amendment, which include whether or not the change is to the text or if it's to the commentary, whether or not the Commission actually expressly says, we're clarifying this, it's not a matter of substance, and also whether or not the amendment is included in a list of retroactive amendments. And so looking at those indicia, in addition to the fact that the entire clause was deleted, which in and of itself clearly shows that it was substantive, here the Commission said that the amendment was a matter of policy. The Commission did not note that this was expressly a clarification. The change was clearly to the text and not to the commentary, and the amendment was not included in a list of retroactive amendments. And so because of all of this indicia of a substantive change, and because the Commission did not expressly say that this was a clarification, the government submits that the residual clause still applies, as it did in Jones, and that for that reason, the defendant's prior convictions qualify as crimes of violence. Unless the court has any other questions. Thank you. This is indeed short and sweet, Your Honors, but I just want to point out one thing. Ms. Kim was just talking about the Eleventh Circuit and its test, but there's a test here in the Second Circuit, and it's in our brief. It's the Brooks case. It sets out the factors for how we tell the difference between clarifying and substantive. And we explain in our brief, while all those factors favor construction here, that the deletion of the residual clause was a clarifying change. The Commission made this very clear when it said, the reason we're doing this is that the definition of crime of violence is complex and unclear. We're dropping the clause to alleviate considerable application difficulties. It had stymied courts across the country, litigants, probation officers. They're like, you know what? We've tried this. It didn't work. We're dropping the clause. But in dropping the clause... That sounds substantive. We're dropping it because it doesn't work. But, Your Honor, what they dropped was confusing verbiage that no one could agree as to the meaning of. They didn't... Here's, in contradistinction, as it said in our brief, when they dropped burglary of a dwelling, they said, you know what? In the past, this had counted as a crime of violence. But you know what? We've changed our mind. Our thinking has evolved. We don't think burglary is that bad, or at least it shouldn't be in this guideline as an enumerated crime of violence. We are dropping burglary. We're dropping this enumerated offense. That's a substantive change. Here, all they dropped was confusing language that no one knew what it even meant in order to resolve this ambiguity that had stymied the courts. We still have the force clause. We still have enumerated robbery. Those issues will be decided by a prior panel. But here, if the court does reach this issue, the commission has made very clear, the Eastern District of Tennessee in Girding and the Sixth Circuit in Kennedy have said, this is a clarifying amendment. The fact that language is deleted is not dispositive. Again, the Brown case in our brief, when the commission dropped its initial definition of crime of violence under Amendment 268, it said it's clarification. This court said it's a clarification. The mere fact that you're dropping language doesn't necessarily mean that it's a substantive change, because if all you're dropping is language that no one can even decipher consistently, it is a clarification. So if the court reaches this issue, Your Honors, we have a test here in the Second Circuit. The factors explain why this is a clarification. The judges who have looked at this closely have explained cogently why this change is a clarification. And so should the court reach the issue, the court should find it is indeed a clarification. Thank you both. Thank you. Thank you both.